UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL VALDEZ, BW7093,<br>　　　　Petitioner,<br>　　v.<br>MONTEREY COUNTY JAIL,<br>　　　　Respondent. | Case No. 24-cv-01174-CRB  (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 3) |

**I.**

Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that, while he was detained at the Monterey County Jail, he was subjected to "aggression and threats" by various deputy sheriffs. ECF No. 1 (Pet.) at 2. Petitioner requests that the deputy sheriffs' misconduct "be looked into," id. at 4, and seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Based solely on petitioner's affidavit of poverty, his application for leave to proceed IFP (ECF No. 3) is GRANTED.

**II.**

Federal law opens two main avenues to relief on claims related to imprisonment: a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a complaint for violation of federal civil rights under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation and internal quotation marks omitted). Where the prisoner's claim "would not necessarily spell speedier release, however, suit may be brought under § 1983." Id. (citation and internal quotation marks omitted). In fact, a § 1983 action

is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)).

Here, petitioner requests that the deputy sheriffs' alleged aggression and threats against him while he was detained at the Monterey County Jail be investigated. But success on petitioner's suit would not necessarily lead to petitioner's immediate or earlier release from confinement on a recent conviction (based on a plea of nolo contendere) that has nothing to do with the alleged misconduct of the deputy sheriffs at the Monterey County Jail. See Skinner, 562 U.S. at 534. Put simply, petitioner's suit for an investigation into the deputy sheriffs' alleged aggression and threats against him while he was at the Monterey County Jail does not fall within the "core of habeas corpus" and consequently "must be brought, if at all, under §1983." Nettles, 830 F.3d at 934 (citations and internal quotation marks omitted).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging misconduct by deputy sheriffs at the Monterey County Jail is DISMISSED without prejudice to bringing in a prisoner complaint under 42 U.S.C. § 1983.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

The clerk is directed to close the case, terminate all pending motions as moot and send petitioner a blank prisoner § 1983 complaint form.

**IT IS SO ORDERED**.

Dated: February 8, 2024

_____
CHARLES R. BREYER
United States District Judge

2